UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILIP CARY BRANTLEY,  　　　　　　　　　Case No. 1:16-cv-960
　　　Appellant,　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

CITIMORTGAGE, INC.,　　　　　　　　　　　**REPORT AND**
　　　Appellee.　　　　　　　　　　　　　　　**RECOMMENDATION**

This matter is before the Court on appellee CitiMortgage, Inc.'s motion to dismiss as moot appellant Philip Cary Brantley's appeal from the bankruptcy court's order denying his motion for preliminary injunction. (Doc. 3). Appellant has not responded to the motion to dismiss and the time for doing so has expired.

**I. Background**

As background, in May 2014 CitiMortgage filed a foreclosure complaint in the Hamilton County, Ohio Court of Common Pleas against Brantley and his wife.[1] (Complaint for Foreclosure, Doc. 3-1, Exh. A).[2] CitiMortgage attached to the complaint a copy of the promissory note on a house in Cincinnati located at 11948 Gaylord Drive. (Note, Doc. 3-1, Exh. A to Exh. A). In March 2015, the Hamilton County Court of Common Pleas entered a decision in foreclosure in CitiMortgage's favor and ordered a foreclosure sale on the property. (Entry Adopting Magistrate's Decision and Final Decree in Foreclosure, Doc. 3-3, Exh. C).

On June 30, 2016, Brantley filed for bankruptcy under chapter 13. (*See* Docket Sheet in *In re Brantley*, CM/ECF for S.D. Ohio Bankr. Ct., case no. 1:16-bk-12458). That same day,

---

[1] Mrs. Brantley is not a party to the instant action.
[2] CitiMortgage has attached to its brief documents from the underlying foreclosure case. The Court may consider public records such as these in ruling on a motion to dismiss. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (holding that in ruling on a motion to dismiss, a court may consider public records or materials that "are otherwise appropriate for the taking of judicial notice").

Brantley's home was sold at a sheriff's sale. (*See* Confirmation Entry of Sale, Doc. 3-4, Exh. D). The Hamilton County Court of Common Pleas confirmed the sale of the property on August 15, 2016. (*See id.*). After the sheriff's sale was conducted, Brantley filed a motion for preliminary injunction in the bankruptcy court, alleging that CitiMortgage violated the automatic bankruptcy stay by conducting the sale despite Brantley's having filed a bankruptcy petition. (*See* Order Denying Motion for Preliminary Injunction, Doc. 1-3, Exh. 3 at 1). On September 22, 2016, the bankruptcy court denied a preliminary injunction, finding that the automatic stay never became effective in Brantley's case because he had three other bankruptcy petitions dismissed in the year prior to the filing of his petition and he did not move to revive the stay within 30 days of filing his June 30, 2016 petition. (*See id.* at 2-3). Thus, the bankruptcy court concluded that the June 30, 2016 sale of the foreclosed property did not violate the automatic stay provision of 11 U.S.C. § 362(a). (*See id.* at 3). Brantley appealed the bankruptcy court's denial of a preliminary injunction to this Court on September 27, 2016. (Doc. 1). On November 4, 2016, the bankruptcy court dismissed Brantley's bankruptcy petition for failure to make plan payments. (*See* Bankruptcy Court Docket Sheet).

## II. Resolution

CitiMortgage argues that Brantley's appeal of the bankruptcy court's denial of a preliminary injunction is moot because the bankruptcy court has dismissed Brantley's petition and Brantley never appealed that dismissal. (Doc. 3 at 5-6). CitiMortgage argues that the appeal is also moot because the property has already been sold and the sale has been confirmed. (*Id.* at 6).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th

2

Cir. 2006) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Id.* (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)).

In the context of bankruptcy proceedings, this Court has "recognized that once the bankruptcy case is dismissed, there no longer is any reason to resolve a dispute over the automatic stay." *Dates v. HSBC Bank U.S.A., N.A.*, No. 1:13-cv-376, 2014 WL 4377783, at *1 (S.D. Ohio Sept. 3, 2014). This Court relied on a Ninth Circuit decision, which explained:

> Obviously the automatic stay provided in 11 U.S.C. § 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy. The order granting the stay was made in the exercise of a power conferred by bankruptcy law. Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.
>
> If we had some power to restore the bankruptcy proceeding, the situation would be different, but there is no appeal from the order dismissing it.

*In re Income Prop. Builders, Inc.*, 699 F.2d 963, 964 (9th Cir. 1982).

Here, Brantley's appeal of the order denying an injunction of the foreclosure sale is moot. Brantley's underlying bankruptcy case has been dismissed and Brantley never appealed that dismissal. (*See* Bankruptcy Court Docket Sheet). Thus, this Court cannot provide Brantley with any relief. *See Dates*, 2014 WL 4377783, at *1; *In re Income Prop. Builders, Inc.*, 699 F.2d at 964. Any order from this Court reversing the bankruptcy court's decision on the preliminary injunction motion and remanding for further proceedings would be fruitless. Brantley's bankruptcy case no longer exists and, thus, the bankruptcy court would have no power to act on this Court's remand of the injunction issue. Moreover, this Court cannot order the bankruptcy

court to reopen Brantley's bankruptcy proceedings because Brantley never appealed the dismissal of his bankruptcy case to this Court. *See In re Income Prop. Builders, Inc.*, 699 F.2d at 964. Accordingly, Brantley's appeal should be dismissed as moot.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that the motion to dismiss (Doc. 3) be **GRANTED** and Brantley's appeal be **DISMISSED AS MOOT**.

**IT IS SO RECOMMENDED.**

Date: 2/6/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PHILIP CARY BRANTLEY,　　　　　　　　　　Case No: 1:16-cv-960
　　　Appellant,　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

CITIMORTGAGE, INC.,
　　　Appellee.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).